*E-Filed 5/2/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES GODOY,

    Plaintiff,

    v.

JAMES TILTON, et al.,

    Defendants.

_____/

No. C 10-2374 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner against officials and employees of Pelican Bay State Prison ("PBSP") and the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff challenges the constitutional validity of his 2007 placement, and the 2010 reaffirmation of such placement, in the secured housing unit ("SHU") of PBSP after defendants determined that he was associated with a prison gang. Defendants move to dismiss the complaint on the grounds that he has not exhausted his administrative remedies, and that his claims are barred by preclusion doctrines. For the reasons stated herein, defendants' motion is GRANTED, and the action is DISMISSED.

## BACKGROUND

**I.    2007 Gang Validation**

In September 2007, PBSP validated plaintiff as an associate of the prison gang "the Mexican Mafia," and, consequently, housed him in the SHU. Plaintiff challenged the

validation by filing a state habeas petition with the Del Norte Superior Court in September 2008, in which he alleged that prison official J. McKinney initiated an investigation in retaliation for plaintiff having filed a lawsuit against him.  The Superior Court denied the petition after receiving briefing from the parties and conducting an *in camera* review of the documents used in the 2007 gang validation determination.  The Superior Court found that there was sufficient evidence to support PBSP's validation.  In the instant action, plaintiff names as defendants J. McKinney and James Tilton, who was head of the CDCR at the time of the 2007 gang validation.  McKinney and Tilton were identified in petitioner's state habeas petition.  (Defs.' Req. for Judicial Notice, Ex. A at 7 & 15).

## II.     2010 Revalidation

In February 2010, PBSP, pursuant to its regulations, reviewed and affirmed plaintiff's gang status and his placement in the SHU.  Plaintiff names as defendants R. Cox, who conducted the 2010 review, and James Tilton, who was head the CDCR at all relevant times.

## III.    Claims

In the instant complaint, plaintiff alleges that (1) in 2007 defendant J. McKinney's placement of plaintiff in the SHU was an act of retaliation in violation of his First Amendment rights, a response to plaintiff's filing of a lawsuit against McKinney; and that (2) in 2010 defendant R. Cox violated plaintiff's procedural and substantive due process rights by denying him a fair hearing on the matter of his alleged gang affiliation, and for maintaining and implementing policies that violate plaintiff's rights; and (3) defendant Cox violated plaintiff's substantive and procedural due process rights by indefinitely confining plaintiff in the SHU; (4) defendants Cox and James Tilton, director of CDCR, have violated plaintiff's due process and equal protection rights by maintaining a process and policy of denying plaintiff the same rights as other inmates; and (5) Cox and Tilton have violated plaintiff's Eighth Amendment rights by housing him in the SHU.

## STANDARD OF REVIEW

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. 544, 553–56 (2007) (citations omitted).

## DISCUSSION

### I.    Defendant McKinney

Plaintiff alleges that defendant McKinney, who initiated the 2007 investigation into whether plaintiff was a gang associate, violated plaintiff's First Amendment rights by retaliating against him for filing suit against McKinney. Defendants move to dismiss the claims against defendant McKinney as barred by *res judicata* because plaintiff litigated, or could have litigated, all cognizable claims and issues in state court. (MTD at 7.)

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). There is no exception to the rules of claim and issue preclusion for federal civil rights actions under 42 U.S.C. § 1983 — the Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of claim and issue preclusion by a prior state court judgment. *See id.* at 84; *Allen v. McCurry*, 449 U.S. 90, 97–98 (1980). Even state habeas proceedings can have claim and

issue preclusive effect on later § 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346–47 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

*Res judicata*, commonly known as claim preclusion, prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896–97 (2002). Claim preclusion also applies to those claims which could have been litigated as part of the prior cause of action. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986). A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

The record supports the conclusion that plaintiff's claims against defendant McKinney are barred by *res judicata*. Plaintiff petitioned the Del Norte County Superior Court for redress on grounds that the 2007 gang validation was not supported by sufficient evidence. (Ans., Ex. A.) In this same petition, petitioner states that McKinney's initiation of the gang investigation was retaliation for petitioner having filed a lawsuit against him. (*Id.* at 15.) After briefing and argument by both plaintiff and defendants, the Superior Court denied plaintiff's petition on the merits. (*Id.*, Ex. E.) Plaintiff's state habeas petition and instant § 1983 complaint involve the same controversy, that is, whether defendants violated his constitutional rights by validating him as a gang member, both on due process and First Amendment retaliation grounds.

Such a conclusion is supported by California's primary right theory, under which a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citation omitted). If this cause of action test is satisfied, then the same primary right

is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. *Id.* "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." *Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981).

Plaintiff pursued the same cause of action in state court as here. The primary right possessed by him was his protected liberty interest in remaining free from gang validation and SHU placement, the corresponding duty for prison officials was not to validate him as a gang member and consequently place him in the SHU without affording him established procedural protections, and the alleged harm was his gang validation and prison placement based on allegedly insufficient evidence. The same procedural protection was at issue in both state and federal actions: use of allegedly insufficient evidence. The same injury was alleged in both: wrongful placement in the SHU as a gang associate. Because this cause of action test is satisfied, it follows that the same controversy element is similarly satisfied, even though plaintiff has pleaded a First Amendment theory of recovery. Furthermore, plaintiff's First Amendment claim would be barred under *res judicata* even if he had not raised a First Amendment claim in his state petition. As noted above, claim preclusion also applies to those claims which could have been litigated as part of the prior cause of action.

The remaining elements of *res judicata* are also present. The parties involved in plaintiff's state habeas petition and instant § 1983 complaint are substantially the same under California law. Plaintiff's habeas petition was directed to Robert Horel, PBSP's warden at that time, and alleges claims against McKinney for retaliation. Finally, there is no indication that the decision was anything other than a judgment on the merits. Cf. *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005) (in the federal habeas context, a state court's judgment is "final" and "on the merits" if the court finally resolved the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state

review of the merits). Accordingly, plaintiff's claim that he was denied due process and the protections of the First Amendment in connection with his 2007 validation as a BGF associate is barred by the doctrine of *res judicata.* Accordingly, defendants' motion to dismiss the claims against McKinney is GRANTED, and all claims against him are hereby DISMISSED with prejudice.[1]

**II.    Defendants Cox and Tilton**

Defendants move to dismiss plaintiff's due process, equal protection, and Eighth Amendment claims against Cox and Tilton, which are grounded on their acts related to the 2010 reaffirmation of plaintiff's gang status. Defendants assert that plaintiff failed to exhaust his administrative remedies as to these claims. (MTD at 13.)

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922–23 (2007).

The level of detail necessary to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not those in the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. *Id.* at 923. A grievant must use all steps the prison constructs, enabling the prison thereby to reach the merits of the issue. *Woodford*, 548 U.S. at 90. That being said, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*,

---

[1] Because plaintiff's claims are barred by *res judicata*, it is unnecessary to consider the defenses of collateral estoppel and qualified immunity.

United States District Court
For the Northern District of California

297 F.3d 646, 650 (7th Cir. 2002)).

The record supports the conclusion that plaintiff failed to exhaust his administrative remedies. Plaintiff admits that he did not pursue his administrative remedies through all levels of appeal (Pl.'s Opp. to MTD ("Opp.") at 19). He asserts that he did not pursue full administrative relief because it was futile to do so as his grievance was returned to him as a duplicate to a previous appeal. (*Id.*) This contention is unavailing. First, the documents plaintiff appends as evidence of exhaustion are all dated no later than the year *2009*. (*See* Opp., Ex. B.) Consequently, none of these grievances could have possibly raised issues arising from his *2010* gang reaffirmation. Second, defendants have put forth evidence uncontradicted by plaintiff that as of the date the instant complaint was filed, plaintiff filed no administrative grievances at all in 2010.[2] (*See* MTD, Foston Decl.) As the record shows that plaintiff has not exhausted his administrative remedies, defendants' motion to dismiss all claims against defendants Cox and Tilton (Docket No. 19) is GRANTED, and all claims against them are hereby DISMISSED.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 19) is GRANTED, and the action is hereby DISMISSED. The Clerk shall enter judgment in favor of all defendants, terminate Docket No. 19, and close the file.

**IT IS SO ORDERED**.

DATED: May 2, 2011

RICHARD SEEBORG
United States District Judge

---

[2] A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2007). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119–20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.